**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| JACKSON GARMENTS IMPORT, INC., and JAGADEESAN V. POOLA, | : : : | Civil Action No. 06-534 (FLW) |
| Plaintiffs, | : | |
| vs. | : : | **OPINION** |
| SALLY McDONALD; ROBERT McDONALD, SR.; McDONALD RACING STABLE and JOHN AND JANE DOES 1-10, | : : : : | |
| Defendants. | : : | |

**WOLFSON, United States District Judge:**

On August 31, 2006, this Court entered an Order of Final Judgment against the Defendants, Robert McDonald, Sr., Sally McDonald and McDonald Racing Stable**.**  The Court is hereby amending the Final Judgment to include the following Opinion.

**I. Background**

On February 9, 2006, Plaintiffs, Jagadeesan V. Poola ("Mr. Poola") and Jackson Garments Import, Inc., filed a First Amended Verified Complaint alleging that they were the victims of numerous fraudulent schemes by the Defendants between 2001 and 2005.   Specifically, Plaintiffs' Complaint sets forth claims for, among other things, Fraud, Violations of Federal and

State RICO, Breach of Contract, Unjust Enrichment, Conversion and Recission of Contract[1].

Defendant did not file any opposition to the Complaint, but did appear on March 2, 2006 before

the Honorable Stanley R. Chesler in connection with an Order to Show Cause filed by Plaintiffs.

On March 8, 2006, Plaintiffs requested that the Clerk of the Court enter Default Judgment

against the Defendants pursuant to Fed. R. Civ. P. 55(a) for failing to plead or otherwise defend

the action against them.  The Clerk entered default on March 9, 2006.  Thereafter, on April 13,

2006, Plaintiffs filed the instant Motion for Default Judgment against the Defendants.

Defendants did not file any opposition in response to Plaintiffs' Motion for Default Judgment.

On July 10, 2006, the case was reassigned from the Honorable Judge Stanley R. Chesler to

myself and I set a hearing date for the Motion to be heard on Wednesday, August 30, 2006.

Pursuant to a conference call with the parties on that date, I rescheduled the hearing for the

following day, August 31, 2006 at 9:30 a.m.  Following oral argument on August 31, 2006, at

which time Defendant, Sally McDonald appeared and Robert McDonald Sr. was available by

conference call, the Court granted Default Judgment against the Defendants.


## II. Default Judgement Standard

Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against

a properly served defendant who fails to file a timely responsive pleading. Anchorage Assoc. v.

Virgin Is. Bd. of Tax Rev., 922 F.2d 168, 177 n. 9 (3d Cir.1990) ("When a defendant fails to

appear ..., the district court or its clerk is authorized to enter a default judgment based solely on

the fact that the default has occurred.").  To obtain a default judgment, a litigant must first obtain

---

[1]The Court will not provide a lengthy recitation of the facts in this opinion and will
instead rely upon the oral argument heard on August 31, 2006 and the reasons set forth in the
record on that date.

an entry of default from the clerk of the court pursuant to Fed. R. Civ. P. 55(a).  In this case, the

Clerk entered default on March 9, 2006.  After that procedural hurdle has been met, the entry of a

default judgment is largely a matter of judicial discretion, although the Third Circuit has

emphasized that such "discretion is not without limits, however, and we have repeatedly stated

our preference that cases be disposed of on the merits whenever practicable." Hritz v.. Woma

Corp., 732 F.2d 1178, 1181 (3d Cir.1984) (citations omitted).


**III.  Cause of Action**

   Although the Court should accept as true the well-pleaded factual allegations of the

Complaint, the Court need not accept the moving party's legal conclusions or allegations relating

to the amount of damages. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir .1990);

Directv, Inc. v. Asher, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Charles A. Wright,

Arthur R. Miller & Mary Kay Kane, 10A Federal Practice and Procedure § 2688, at 58-59, 63 (3d

ed.1998)). Consequently, before granting a default judgment, the Court must first ascertain

whether "the unchallenged facts constitute a legitimate cause of action, since a party in default

does not admit mere conclusions of law." Asher, 2006 WL 680533, at *1 (citing Wright, Miller,

& Kane, § 2688, at 63); Directv, Inc. v. Croce, 332 F.Supp.2d 715, 717 (D.N.J.2004)).

   In the instant matter, Defendants did not defend or answer Plaintiffs' Complaint nor have they

opposed Plaintiff's Motion for Default Judgment.  Indeed, Defendants did not dispute that they

were served with the motion for default judgment several months before the Court's hearing.

Furthermore, at the hearing, Defendants did not assert any defenses to the allegations in the

Complaint.  Thus, the Court will accept as true the factual allegations contained in Plaintiffs'

Complaint.   Moreover, Plaintiffs have established that the Defendants perpetuated numerous

schemes on the Plaintiffs that resulted in Plaintiff's loss of over $8 million.  Indeed, as noted above, although the Court will not recite the lengthy factual history of this case and will, instead, rely on the parties knowledge of the substantive facts and the argument and reasons entered into the record on August 31, 2006, the Court is satisfied that the unchallenged facts in Plaintiffs' Complaint set forth a legitimate cause of action.

In addition, to assess whether entry of a default judgment is appropriate, the Court must also consider three factors: (1) whether plaintiff will be prejudiced if default is not granted, (2) whether defendant has a meritorious defense, and (3) whether defendant's delay was the result of culpable misconduct. Carpenters Health & Welfare Fund v. Naglak Design, 1995 WL 20848 *2 (E.D.Pa.1995) (citing Emasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir.1987); Hritz, 732 F.2d at 1181) (granting default judgment for failure to submit remittance reports and pay contributions to funds as required by collective bargaining agreement). However, where the Defendants have not filed any responsive pleadings or otherwise shown cause why default judgment should not be granted in Plaintiff's favor, the Court is "not in a position to judge whether the Defendant has a meritorious defense or whether any delay was the result of culpable misconduct." Id.  Because Defendants did not file any opposition in this matter, the remaining question for the Court is whether the Plaintiff will be prejudiced if default is not granted. Id.

In this situation, Plaintiff will have no means of vindicating its claims against Defendants unless default is granted. Plaintiff has pursued its claims through appropriate channels while Defendants have not responded to Plaintiff's pleadings in this matter or provided any defense to Plaintiff's claims, let alone a meritorious defenses.  See Asher, 2006 WL 680533 *2 (granting default judgment where defendant "has not responded in any fashion," "has not asserted any meritorious defense," and has not "offered any excusable reason for his default").  Furthermore,

Defendants offered no excuse why they failed to respond to the Complaint or the properly served motion for default judgment.  Because Plaintiff has no other means of pursuing its claims against Defendants, it will be prejudiced if default is not granted. Accordingly, this Court will grant Plaintiff's motion for default judgment against Defendant.


## IV.  CONCLUSION

For the reasons set forth on the record at oral argument on August 31, 2006 and in the opinion above, Plaintiff's motion for default judgment is granted.

_____          /s/ Freda L. Wolfson_____
                                                 FREDA L. WOLFSON, U.S.D.J.


Dated: September 11 , 2006